IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14-2065-STA-dkv |
| CHEREE JAA, | ) ) ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**
**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY FEES**

Before the Court is the United States Magistrate Judge' Report and Recommendation that Plaintiff Federal National Mortgage Association ("FNMA")'s Motion to Remand and for Attorney Fees (D.E. # 6) be granted. Defendant Cheree Jaa has filed objections to the Report and Recommendation.[1] Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, the parties' briefs, and the entire record of the proceeding, the Court hereby **ADOPTS** the Magistrate Judge's Report and overrules Plaintiff's objections to the Report.[2] Plaintiff's Motion to Remand and

---

[1] Objections to the Report and Recommendation were due within fourteen (14) days of the entry of the Report. Defendant filed her objections on April 15, 2014, which was after the deadline for submitting objections to the Report. Defendant asks the Court to accept her late-filed objections and for cause states that she was extremely ill and had to be taken to a doctor on April 14, 2014. The Court will accept the late filing and consider the merits of Defendant's objections to remand.

[2] On May 2, 2014, Defendant filed a motion for leave to file an affidavit (D.E. # 15). The Court construes Defendant's filing to be a motion for leave to file a reply in support of her

1

for Attorney Fees is **GRANTED**.

## BACKGROUND

FNMA seeks possession of property located at 4444 Princeton Road Memphis, Tennessee ("the property"). (Mag. J.'s Rep. 2.) FNMA purchased the property at a foreclosure sale on November 27, 2013. (*Id.*) The deed of trust named Holly Jeter and Defendant Cheree Jaa as borrowers. (*Id.*) On December 30, 2013, FNMA filed an unlawful detainer action, No. 1665281, in the Shelby County Court of General Sessions, naming Cheree Jaa "or current occupants" as the defendants. (*Id.* at 3.) On January 27, 2014, Jaa filed a notice of removal in this Court, alleging that removal was proper pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship. (*Id.*)

## STANDARD OF REVIEW

"A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to."[3] The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made.[4] After reviewing the record, the court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[5]

## ANALYSIS

---

objections to the Magistrate Judge's Report and Recommendation. The Court finds good cause to consider the additional briefing provided by Defendant. However, Defendant's filing does not alter the Court's analysis of the Report and Recommendation or the objections Defendant has lodged against the Report.

[3] Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C).

[4] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[5] 28 U.S.C. § 636(b)(1)(C).

Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."[6] Following removal of a case from state court, the burden to establish federal jurisdiction rests with the removing party.[7] The Magistrate Judge has recommended that the Court remand this matter to Shelby County General Sessions Court for lack of subject matter jurisdiction. Defendant objects to remand arguing that she can cure any defect in the Notice of Removal's allegations of diversity jurisdiction and that she has a right to a jury trial on federal claims she intends to invoke in this case. The Court finds both arguments to be without merit and therefore overrules Plaintiff's objections to the Report and Recommendation. The Court will examine each of Plaintiff's objection in turn.

## I. Diversity Jurisdiction

This Court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[8] On the question of the Court's diversity jurisdiction, the Magistrate Judge concluded that Jaa had not carried her burden to prove the amount in controversy and so had not shown that the Court had diversity jurisdiction in this case. In her objections Jaa now argues that she can adduce proof of the amount in controversy, i.e. the fair market value of the property, and that the Court should permit her to amend her Notice of Removal. The Court finds that even if Defendant was granted leave to cure any defect in the Notice of Removal, Defendant cannot establish that the Court

---

[6] *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009).

[7] *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 155 (6th Cir. 1993).

[8] 28 U.S.C. § 1332(a)(1).

has diversity jurisdiction. The Magistrate Judge held that "[r]egardless of whether the jurisdictional amount is satisfied, Jaa is barred from removing this action to federal court by 28 U.S.C. § 1441(b)(2) because Jaa is a citizen of Tennessee."[9] As the Magistrate Judge correctly noted, under the removal statute, a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly . . . served as defendants is a citizen of the State in which such action is brought."[10] In other words, even if Jaa amended her Notice of Removal to include facts establishing the amount in controversy, removal on the basis of diversity of citizenship is simply not available under the circumstances. Jaa has not made a specific objection to this part of the Magistrate Judge's Report or shown why the Court should not accept the Magistrate Judge's proposed conclusion. Therefore, the Court holds that this case is not removable on the basis of diversity of citizenship, and the Magistrate Judge's Report is **ADOPTED** as to this issue.

**II. Federal Question Jurisdiction**

Jaa's Notice of Removal stated that removal was proper based only on the parties' diversity of citizenship. In her objections to the Magistrate Judge's Report and Recommendations, Jaa argues for the first time that this case presents a federal question. The removal statute, found at 28 U.S.C. § 1441(b), provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."[11] The Magistrate Judge

---

[9] Mag. J.'s Rep. & Recommendation 11.

[10] 28 U.S.C. § 1441(b)(2).

[11] 28 U.S.C. § 1441(b).

4

held that no federal question appears on the face of FNMA's detainer warrant. As such, the Court did not have federal question jurisdiction.

Jaa does not challenge the Magistrate Judge's proposed holding on this point. Instead Jaa argues that she can raise several claims arising under federal law to challenge the foreclosure sale of the property and that she is entitled to a jury trial on those claims as a matter of due process. However, the Supreme Court has held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[12] A case may "arise under" federal law where (1) the plaintiff's cause of action is created by federal law; (2) "some substantial, disputed question of federal law is a necessary element. . . of the well-pleaded state claim;" or (3) the "claim is really one of federal law."[13] "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[14]

The Court holds that the Magistrate Judge correctly found no federal question presented on the face of FNMA's detainer warrant. As a result, FNMA's action could not have originally been filed in federal court. Plaintiff attempts to get around this difficulty by making her own allegations about "numerous federal law violations, including trust law, securities law, and consumer protection laws, including [Fair Debt Collection Practices Act] violation[s] . . . taken to dispossess Jaa of her

---

[12] *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9–10 (1983).

[13] *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citations and quotations omitted).

[14] *Williams*, 482 U.S. at 392.

5

real property."[15] However, none of these allegations appear on the face of FNMA's detainer warrant, and any counterclaim Plaintiff wishes to allege, even those raising a federal question, cannot confer federal jurisdiction.[16] The same reasoning would apply to any due process claim suggested in Jaa's briefs.[17] The Court concludes then that it lacks federal question jurisdiction under 28 U.S.C. § 1441(b) over FNMA's detainer warrant. Therefore, the Magistrate Judge's Report is **ADOPTED** as to this issue.

III. Attorney's Fees

Finally, FNMA seeks its reasonable attorney's fees incurred in bringing its Motion to Remand. The Magistrate Judge held that Defendant lacked an objectively reasonable basis for removing this case to federal court and found that Defendant had removed the case as a delay tactic. As such, the Magistrate Judge has recommended that the Court grant FNMA its attorney's fees in the amount of $1,290. Defendant has not objected to this portion of the Magistrate Judge' Report and Recommendation. Based on its review of the record, the Court agrees that Jaa lacked an

---

[15] Pl.'s Objs. to the Rep. & Recommendation 6–7.

[16] *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007); *see Holmes Grp., Inc. v. Yornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' [federal question] jurisdiction.").

[17] The Court would add that generally non-judicial foreclosures where no state action is involved do not implicate due process. *Mik v. Fed. Home Loan Mortgage Corp.*, 743 F.3d 149, 168 (6th Cir. 2014) (holding that no cause of action against Freddie Mac for violations of due process lies under the Fifth Amendment because Freddie Mac "is not a government actor who can be held liable for constitutional violations"); *King v. Emery*, 836 F.2d 1348, at *1 (6th Cir. 1988) (holding that a private foreclosure sale under Tennessee law does not constitute state action); *see also Peoples v. Bank of Am.*, 11-2863-STA, 2012 WL 601777 (W.D. Tenn. Feb. 22, 2012) *Powell v. GMAC Mortg.*, No. 3:10–CV–87, 2010 WL 2133943, at *4 (E.D. Tenn. 2010) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)).

objectively reasonable basis for removal and that consequently an award of fees is proper. Therefore, the Magistrate Judge's Report is **ADOPTED** as to the attorney's fee issue.

## CONCLUSION

Defendant's objections to the Magistrate Judge's Report and Recommendation are overruled, and the Report is **ADOPTED**. Plaintiff's Motion to Remand and for Attorney Fees is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), Plaintiff is awarded reasonable attorney's fees in the amount of $1,290.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 13, 2014.